IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | 1:08cr00046 |
| v. ) | **Electronic Filing** |
| ) | |
| **JERMAINE ANTWON WARREN** ) | |

## MEMORANDUM ORDER

AND NOW, this 6th day of November, 2019, upon due consideration of defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act and the parties' submissions in conjunction therewith, IT IS ORDERED that [103] the motion be, and the same hereby is, granted in the form of a re-imposed sentence of 178 months of incarceration and 4 years of supervised release. An amended judgment order will follow.

The standards by which we review First Step Act motions are set forth in <u>United States v. Jaison Ceatrix Thompson</u>, 1:05cr42, 2019 WL 4040403 (W.D. Pa. Aug. 27, 2019), and those standards are incorporated herein. The parties do not dispute defendant's eligibility to receive discretionary relief here. What they disagree about is the scope of relief that should be awarded in the exercise of this court's discretion under the Act.

Defendant seeks a sentence of 166 months which in effect is one of time served. He relies on mitigating factors that were credited at his original sentencing and his post-sentencing rehabilitative efforts.

The government maintains that we should adhere to the reasoning reflected in the explanations given by Judge McLaughlin for the sentence he chose to impose under the then-governing standards. And pursuant to the government's extrapolations, that reasoning mandates a reduced sentence of 210 months. The government further contends that defendant's post-

sentencing conduct should not be factored into the assessment of whether and to what degree relief should be awarded.

We reject the government's contention that we should follow the sentencing rationale of Judge McLaughlin in lockstep. That rationale was advanced under a set of existing precepts that were displaced by the First Step Act and replaced by the standards embodied therein. The standards now governing the task at hand were intended to give defendant a "do-over" of sorts and we fail to see any sound justification for shirking the responsibility of performing that task under the guise of prior judicial musings rendered under meaningfully different circumstances.

Of course, our unwillingness to follow the government's lead does not mean that the salient aspects of defendant's criminal history and character it has highlighted likewise should be discounted. To the contrary, those factors continue to inform the sound exercise of discretion in formulating an appropriate sentence. But it is the discretion that has been afforded by the First Step Act that must be exercised in accordance with the prevailing standards of today notwithstanding the government's perception that yesterday's views were better.

Defendant was classified as a career offender. His offense conduct involved the possession with the intent to distribute 76.1 grams of crack cocaine coupled with possession of two loaded firearms. His prior criminal history included a 1996 conviction for aggravated assault stemming from defendant punching and kicking the victim, which in turn caused the victim to fall to the sidewalk and suffer a skull fracture. Defendant received a 6 to 20 year sentence for this offense. Four months after his release defendant was arrested for possession with intent to distribute 48 grams of crack cocaine. He received a 3 to 6 year sentence for this 2003 offense, which was made to run consecutive to his parole violation sentence. Defendant also had prior convictions for disorderly conduct, giving a false name to police and a juvenile adjudication for simple assault.

Defendant's career offender status produced a guidelines sentence range of 292 to 365 months.  At sentencing, defense counsel advocated for an adjustment based on a one-to-one ratio for the equivalent amount of powder cocaine, which under the existing guidelines would have produced a 168 to 210 month range.  Arguments were also advanced based on the sentencing range that would have resulted had the government filed a notice pursuant to 21 U.S.C. § 851 on a § 841(b)(1)(C) charge, which would have produced a sentencing range of 210 to 262 months.  Judge McLaughlin reasoned that the 168 to 210 month range based on a one-to-one ratio would be "substantially inadequate" given defendant's criminal history and highlighted defendant's "violent and recidivistic tendencies" in arriving at a sentence of 248 months.

Defendant's 248 month sentence reflected a variance from the 292 to 365 month guidelines sentencing range.  This variance was predicated on three mitigating aspects of defendant's prior history and personal characteristics.  At 10 years of age defendant lost his father to a heroin overdose.  Behavioral issues and poor grades soon followed.  Defendant turned to alcohol and drugs by the age of 14 and symptoms of poor mental health set in.  He was diagnosed with paranoia and then schizophrenia.  Heavy drug use ensued.

Defendant's serious setbacks in early childhood development and his difficulties with poor mental health were highlighted in support of the variance.  Judge McLaughlin also observed defendant's genuine contrition and desire for rehabilitation and credited these mitigating aspects of defendant's character in formulating the variance.

The government maintains that "[h]ad the Fair Sentencing Act applied, Judge Mclaughlin would not have imposed a sentence below 210 months, which is sound reason to reduce [defendant's] sentence to that level."  And it highlights the offense conduct and parrots snippets from Judge McLaughlin's sentencing rationale, including defendant's "repetitive parole violations" and "violent and recidivistic tendencies."  But as noted above, all of this is very much

a static and selective view of the matters informing the discretion to be exercised at this juncture. At the very least, the view posited by the government fails to provide an influential assessment of the § 3553(a) factors that are to be reassessed in re-imposing a new sentence under the changed precepts.

On the other hand, defendant maintains that we should simply deduct the 44 month variance off the low end of the new guidelines sentencing range, which would produce a sentence of 166 months (210 months minus 44 months). In addition to the mitigating factors noted above, he highlights his 1) work history while incarcerated, 2) obtaining his GED, 3) maintaining strong familial relations, 4) completion of drug education courses and vocational training and 5) earning some college credits toward a Business Associate Degree. He also notes his past four-year record of being free from disciplinary action and his ongoing ability to remain positive toward staff and other inmates, thus steering clear of being a management concern for the Bureau. Based on the above, defendant reasons that the current term of approximately fourteen years is more than enough punishment.

Consideration of all of the above through the lens of the § 3553(a) factors convinces us that the proper exercise of discretion is a reduction to a term of 178 months of incarceration and 4 years of supervised release. The original departure of 44 months reflected a variance of approximately 15 percent off the low end of the guidelines range. A 15 percent reduction off the low end of the new sentencing range produces a sentence of 178 months. A reduction of this magnitude strikes the proper balance in applying the § 3553(a) factors and imposes a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing.

Moreover, this variance/reduction is warranted and justified not only by the original mitigating factors highlighted above, but also by defendant's genuine efforts to build on his contrition and desire to turn his life around. His young age at the time of his prior predicate

offenses and his current age of 46 years supply further support for the proposition that a sentence of 178 months and 4 years of supervised release is just and adequate under the current circumstances.  Accordingly, defendant's motion pursuant to Section 404 of the First Step Act has been granted and a Judgment Order of Conviction and Sentence imposing this new sentence will be issued.

                                                                        <u>s/David Stewart Cercone</u>
                                                                         David Stewart Cercone
                                                                         Senior United States District Judge

cc:      Christian A. Trabold, AUSA
          Adam N. Hallowell, AUSA
          Khashayar Attaran, AFPD

          (*Via CM/ECF Electronic Mail*)